UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BATTLES,

    Plaintiff,

v.                                    CASE NO:  8:15-cv-339-T-33TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.
_____/


**ORDER**

    This cause comes before the Court pursuant to Plaintiff Eric Battles' Unopposed Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 16), filed on September 9, 2016. Additionally, Plaintiff has filed an Affidavit in support of the Motion, describing counsel's legal background and time dedicated to the case. (Doc. # 17). Plaintiff is seeking an award of $2,695.00 in attorney's fees and $400.00 as reimbursement for filing fees. For the reasons that follow, the Court grants the motion.

**A.   Eligibility for Award of Fees**

    The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration

1

Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

## 1.   **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 14-15). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

## 2.   **Timely Application**

2

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here. This case was remanded upon order of this Court on June 15, 2016. (Doc. # 15). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days to file an appeal. The judgment therefore became final as of August 15, 2016, and the request for attorney's fees was presented prior to the expiration of the 30-day deadline of September 13, 2016. Thus, the application is timely filed.

### 3.   <u>Claimant's Net Worth</u>

Plaintiff's counsel represents to the Court that Battles' net worth was less than $2 million at the time this action was filed (Doc. # 16 at 1), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4.   <u>Lack of Substantial Justification</u>

The burden of proving substantial justification is on the government. <u>Stratton v. Bowen</u>, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." <u>Kimble ex rel. A.G.K. v. Astrue</u>, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of

substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5.  <u>No Special Circumstances</u>

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B.  <u>Amount of Fees</u>

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $2,695.00 in attorney's fees, representing 15.4 hours at an hourly rate of $175.00. (Doc. # 16 at 1).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A)(ii).

The Court determines the requested hourly rate is appropriate. Here, the proposed hourly rate is $175.00. The Commissioner does not oppose Plaintiff's proposed hourly rate. Thus, the Court will adopt the proposed hourly rate. The Court also determines that 15.4 hours of attorney time is reasonable in

this case. Furthermore, the Court will allow Plaintiff to recover the $400.00 filing fee.

## C.   **Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his attorney. Plaintiff has assigned the right to the attorney's fees to his attorney. (Doc. # 16-1). But the parties have not supplied the Court with information regarding whether Plaintiff owes a debt to the federal government. Based upon this open issue, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 16) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of September, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE